## OLIVER KANE *et al. versus* JOHN HOOD.

Upon a contract, in which it was agreed, that the defendant "should have certain land in consideration of which he was to pay the plaintiff a certain sum of money in three instalments, the deed to be executed at the completing of the last payment," it was *held*, that the agreement of the defendant to pay the two first instalments was independent, but that the agreements of the defendant to pay the last instalment and of the plaintiff to execute and deliver the deed, were mutually dependent and conditional.

ASSUMPSIT, brought by the executors of John Innis Clark. Trial before *Shaw* C. J.

The plaintiffs rely upon an unsealed contract made by Clark and Hood, dated October 28, 1803, by which " it is mutually agreed, that Hood is to have the land &c. (describing certain land in Somerset) ; in consideration of which the said Hood is to pay the said Clark 700 dollars, 200 dollars of which are to be paid in ten days, half the remainder in twelve months, and the other half, in two years from the above date, with the interest annually ; and the deed to be executed at the completing of the last payment."

The two first instalments had been paid and received, before the commencement of this action.

The plaintiffs neither allege nor prove that they ever made, or tendered, or offered any deed or conveyance of the land, but they aver that Clark, in his lifetime, and they, in their capacity of executors, since his decease, have always been ready to convey the land to Hood, and to execute to him a good and sufficient deed thereof, upon his complying with the terms of the contract on his part, and that they are here in

24 *

Kane
v.
Hood.

court ready to execute such deed upon his complying with those terms.

The defendant contends, that the two first instalments being fully paid, the agreements of the parties in respect to the last instalment are mutually dependent and conditional, and neither is bound to perform, without a tender of performance on the other side, to be made at the same time.

On the contrary, the plaintiffs contend, that the promise of the defendant is independent, and that he was bound to pay at the time and conformably to the terms of the contract, in consideration of the engagement of Clark, without any tender of performance on the part of the plaintiffs.

The plaintiffs became nonsuit, subject to the opinion of the Court on the above question.

*Oct. 26th, 1831.*

*Cobb*, for the plaintiffs, cited *Terry* v. *Duntze*, 2 H. Bl. 389 ; 1 Wms's Saund. 320, note 4 ; *Gardiner* v. *Corson*, 15 Mass. R. 500.

*W. Baylies* and *Battelle*, for the defendant, cited *Callonel* v. *Briggs*, 1 Salk. 112 ; *Thorpe* v. *Thorpe*, ibid. 171 ; *Jones* v. *Barkley*, 2 Doug. 684 ; *Goodisson* v. *Nunn*, 4 T. R. 761 ; *Glazebrook* v. *Woodrow*, 8 T. R. 366 ; *Phillips* v. *Fielding*, 2 H. Bl. 123 ; *Martin* v. *Smith*, 6 East, 555 ; *Johnson* v. *Reed*, 9 Mass. R. 78 ; *Cunningham* v. *Morrell*, 10 Johns. R. 203 ; *Couch* v. *Ingersoll*, 2 Pick. 292 ; *Dana* v. *King*, ibid. 155 ; *Hunt* v. *Livermore*, 5 Pick. 395 ; *Bean* v. *Atwater*, 4 Connect. R. 3 ; *Parker* v. *Parmele*, 20 Johns. R. 130.

*Oct. 27th, 1832.*

SHAW C. J. delivered the opinion of the Court. This is a contract not under seal, but the same rules govern the construction of it as those applicable to cases of covenant. The only question which would seem to be presented by the facts is, whether in a contract between parties, relative to the same subject matter, some stipulations may be mutual and independent, and others dependent and mutually conditional ; and this question was settled in the case of *Couch* v. *Ingersoll*, 2 Pick. 292. Indeed the point in question, constituted distinctly the ground of decision in that case, because the plaintiff, without having tendered performance on his part, recovered on a breach of one covenant because it was independent, and failed on the other, because

,pon the construction put upon it by the Court, it was independent.

In the present case, the two first instalments of the purchase money were to be paid before the time fixed for the conveyance of the land, and therefore it is very clear they are independent. Had a suit been brought for either of them, no tender, offer, or averment of readiness, would have been necessary, and no defence could have been made. The obligation of the defendant to pay the money at the times stipulated, was absolute and unconditional. But it is shown by the facts, that the two first instalments were fully paid ; and though payment was not made at the times fixed, yet it was afterwards accepted, and the plaintiffs affirmed the contract by suing on it. Then the question is, whether the payment of the last instalment on the one side, and the execution and tender of the deed, upon payment being made, on the other, were not dependent and conditional ; and we think they were. The words are, "and the other half in two years, with interest annually, and the deed to be executed at the completing of the last payment." Suppose the whole had been payable at once, instead of being payable by instalments, and the stipulation had been to pay seven hundred dollars in two years, the deed to be executed at the payment ; upon this statement of the question, is there a doubt that the agreements would have been mutually dependent and conditional ? I think not. The intent of the parties is to govern. And what difference is there, whether the final payment is the whole or part, the remainder of the purchase money having been paid and accepted ? Where the whole purchase money is to be paid at once and the deed is to be then given, the covenants are held to be dependent, because it is unreasonable to presume that the purchaser intended to pay the whole consideration, without having the equivalent, in a title to the land purchased. The same reason applies to the last instalment. An obvious reason why the first and second instalments should be paid without having a deed is, that the vendor was to withhold the title, as a security for the purchase money, and the vendee was content to rely on the vendor's contract for his future title ; but no such reason applies to the final and complete payment of the purchase money. Whether

therefore we consider the particular language of the contract, or the general intent of the parties, we think these parts of the contract were mutually dependent and conditional, and the plaintiffs cannot recover without averring performance or an offer to perform on their part.

*Plaintiffs nonsuit.*